JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERRERA, | ) CASE NO. CV 17-3912-R |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF JOSE |
| | ) HERRERA'S MOTION TO REMAND |
| v. | ) |
| | ) |
| XPO CARTAGE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Before the Court is Plaintiff Jose Herrera's ("Herrera") Motion to Remand, which was filed on June 22, 2017. (Dkt. No. 11). Having been briefed by both parties, this Court took the matter under submission on August 2, 2017.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co*., 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

/ / /

1    Herrera seeks to remand the instant matter on the grounds that Defendant XPO Cartage, Inc. ("XPO") should be considered the "plaintiff" for the purpose of determining whether removal was proper under Title 28 U.S.C. §1441. Section 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Under the plain language of Section 1441(a), "[t]he right to remove a state court case to federal court is clearly limited to defendants." *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988).

Here, while XPO is labeled the "Defendant" in the instant litigation, it initiated these proceedings in state court. As such, the Court deems XPO the "Plaintiff" for purposes of removal. The purpose of Section 1441(a) is to allow a party who is involuntarily summoned into the jurisdiction of the state court the ability to remove to federal court if there is a basis for federal jurisdiction. *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 356 (2d Cir. 1995). That purpose would not be advanced here—XPO was not involuntarily summoned into the jurisdiction of the state court, it chose to file in state court. As XPO itself concedes, California Labor Code section 98.2 does not divest this Court of jurisdiction over this case. In fact, the Ninth Circuit has held that "district courts have diversity jurisdiction over appeals from state administrative agency decisions when state law places such appeals in state trial courts, and, of course, when the familiar citizenship and amount in controversy requirements are fulfilled." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 791 (9th Cir. 2009) (Fisher, J., concurring). Because XPO, by its own affirmative and voluntary act, chose to initially file the instant suit in state court, it should be bound by its choice of forum. *Victorias Milling Co. v. Hugo Neu Corp.*, 196 F. Supp. 64, 68 (S.D.N.Y. 1961).

For the reasons stated above, the Court GRANTS Herrera's Motion.

/ / /

/ / /

/ / /

2

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 11). The instant action is hereby REMANDED to the Superior Court of the State of California for the County of Los Angeles—Long Beach.

Dated: August 28, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE